

In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00110-CV
_____


DAVID ALAN SHEPHERD, Appellant

V.

OFFICE DEPOT AND UNITED PARCEL SERVICE (UPS), Appellees


On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 2009-1614-A


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Appellant, David Alan Shepherd, filed a notice of appeal September 16, 2010. The final judgment was signed in this cause of action on June 30, 2010. The record did not contain any motion that would have served to extend the appellate timetable, but we noted that the trial court had signed an order denying a motion to vacate or modify judgment and that both defendants had filed a response to such a motion. We contacted the Gregg County District Clerk and were informed that no such motion had been filed with that court. Rule 26.1(a)(2) of the Texas Rules of Appellate Procedure provides that the extended time period in which to file a notice of appeal exists "if any party timely files: . . . a motion to modify the judgment." TEX. R. APP. P. 26.1(a)(2). As none had been filed, the appellate timetable was not extended, and the notice of appeal would be due thirty days after the judgment was signed, on July 30, 2010. The notice of appeal thus appeared to have been untimely filed.

In accordance with Rule 42.3 of the Texas Rules of Appellate Procedure, we provided notice to Shepherd, requesting that he show this Court how we had jurisdiction over this appeal. TEX. R. APP. P. 42.3. Shepherd provided this Court with the original of his motion to modify, claiming that it had been accidentally returned to him by the clerk's office along with the order of denial, and pointing out a handwritten notation "place in file" on the top of the motion.

Believing that there was a possibility that the document had been received by the clerk, but then improperly returned rather than file-marked and filed, we abated this cause to the trial court

with directions to conduct a hearing and determine whether the motion was placed in the custody of the trial judge or clerk, and if so, the date or approximate date when this occurred.

The court conducted a hearing and made this finding:

This Court has reviewed the court file for this matter in the office of the District Clerk of Gregg County and has inquired of the District Clerk staff with respect to whether a Motion for New Trial was filed in this cause and whether the Court of the District Clerk received custody or control of a Motion for New Trial. Neither the Court nor the District Clerk has received a Motion for New Trial, or any other post-judgment motion seeking to modify the Court's Order of dismissal.

Bound by the trial court's finding of fact, we must conclude that the motion to modify was not placed in the hands of the clerk in such a fashion as to constitute even constructive filing. In the absence of the filing of a timely motion which could extend the appellate timetable, the notice of appeal was late filed and could not invoke the appellate jurisdiction of this Court. TEX. R. APP. P. 25.1, 26.1.

We dismiss this appeal for want of jurisdiction.

Jack Carter
Justice

Date Submitted:    March 29, 2011
Date Decided:      March 30, 2011

3